UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TIMSHELL RIVERS,

                                             Plaintiff,

      -against-

THE CITY OF NEW YORK, DETECTIVE JAMEL
CARR, shield #1655, DETECTIVE KEVIN ROGERS,
shield #7594, and JOHN and JANE DOES 1-4,

                                            Defendants.

------------------------------------------------------------------- x

**CV 13 835**

**SUMMONS ISSUED**

**COMPLAINT**

Jury Trial Demanded

**VITALIANO, J.**

**REYES, M.J**

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers of the 77th Precinct and Detectives of the Narcotics Division alleging that, on June 23, 2012, in Brooklyn, defendants violated her rights under 42 U.S.C. § 1983, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and New York state law by falsely arresting her for obstructing governmental administration, resisting arrest, and disorderly conduct. Defendants further used excessive force on plaintiff, illegally strip searched her, and denied her a fair trial. The false charges were adjourned in contemplation of dismissal on October 19, 2012 and then dismissed on November 16, 2012. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault, battery, and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a resident of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York

9. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## **STATEMENT OF FACTS**

10. On June 23, 2012, plaintiff visited her friend, Leslie Givens, at his home located at 118 Schenectady, Brooklyn, New York.

11. At approximately 7:30 p.m. on the aforesaid date, plaintiff was outside Mr. Givens' apartment smoking a cigarette and talking with Mr. Givens.

12. Two NYPD Detectives, believed to be defendants CARR and ROGERS, approached plaintiff and Mr. Givens, separated them and ordered them to produce identification.

13. Plaintiff asked the defendants why she and Mr. Givens were being detained.

14. Defendants ignored plaintiff's question and demanded identification.

15. Plaintiff responded that her identification was in her handbag, which was upstairs in Mr. Givens' apartment.

16. Defendants refused to allow plaintiff to retrieve her identification from the apartment.

17. Plaintiff requested at least three times that either she be allowed to get her identification from the apartment or that the officers accompany her to the apartment.

18. Defendants demanded that plaintiff explain why she was not carrying identification and continued to ignore her requests to retrieve her identification from the apartment.

19. Plaintiff became upset and again asked the officers why she was being detained.

20. The defendants continued to ignore plaintiff's questions and requests to go to Mr. Givens' apartment to get her identification.

21. After Mr. Givens produced identification and was released from custody, he offered to go upstairs to get plaintiff's identification.

22. Defendant ROGERS grabbed plaintiff and stated "Don't worry, I will have a female officer search you."

23. Plaintiff objected to defendant ROGERS grabbing her and complained about her detention by using profanities toward the defendants.

24. In retaliation for plaintiff's exercise of free speech, defendant ROGERS twisted plaintiff's arm and held it twisted for a few minutes.

25. Mr. Givens produced plaintiff's passport to the defendants, but defendants refused to release plaintiff even though she had committed no crime.

26. In response to plaintiff's complaints about her mistreatment, defendant ROGERS said "I'm taking you in" and handcuffed plaintiff.

27. In further retaliation for plaintiff's exercise of free speech, defendants handcuffed her wrists excessively tight.

28. Plaintiff was escorted to a police van, held in the van for approximately thirty (30) minutes, and then transported to two separate locations, one unknown and the 77th precinct.

29. Plaintiff was strip searched by a two different female officers at the unknown location and at the 77th precinct.

30. While plaintiff was held in the precinct, plaintiff's designated arresting officer, defendant CARR, with the knowledge and approval of the other defendants, falsely charged plaintiff with obstructing governmental administration, resisting arrest, and disorderly conduct.

31. Defendant ROGERS fabricated allegations that during a police investigation, plaintiff tried to hit and burn the defendant with a lit cigarette and that plaintiff resisted arrest.

32. The aforesaid allegations were false and were asserted to justify the use of force upon plaintiff, to cause plaintiff to be prosecuted for a crime that she did not commit, and so defendants could earn overtime compensation and enhance their arrest records.

33. The next day, the defendants had plaintiff taken to Brooklyn Central Booking.

34. Before plaintiff's arraignment, plaintiff's designated arresting officer, defendant CARR, with the knowledge and approval of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff obstructed governmental administration, resisted arrest, and was disorderly.

35. As a result of this misrepresentation, criminal proceedings were instituted against plaintiff under docket number 2012KN052718.

36. Approximately 20 hours after her arrest, plaintiff was arraigned in Kings County Criminal Court and released on her own recognizance.

37. After being released from custody, plaintiff appeared in court on three separate dates.

38. The false charges were adjourned in contemplation of dismissal on October 19, 2012 and later dismissed and sealed on November 16, 2012.

39. Plaintiff, owner of an interior design service, lost income when her clientele became aware of plaintiff's arrest in this matter.

40. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, a loss of liberty, physical injuries, emotional distress, fear, anxiety, embarrassment, damage to her reputation, and humiliation. Plaintiff suffered a loss of income and owes attorney fees in the amount of Four Thousand Five Hundred Dollars ($4,500.00) to her criminal defense attorney.

## FIRST CLAIM
## (FALSE ARREST)

41. Plaintiff repeats the foregoing allegations.

42. At all relevant times, plaintiff did not commit a crime or violation.

43. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

44. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
## (UNREASONABLE FORCE)

45. Plaintiff repeats the foregoing allegations.

46. Defendants' physical force upon plaintiff or failure to intervene to prevent such force was objectively unreasonable and caused plaintiff pain and injury.

47. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on her.

## THIRD CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

48. Plaintiff repeats the foregoing allegations.

49. Plaintiff exercised free speech on June 23, 2012.

50. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest and prosecute plaintiff.

51. Accordingly, defendants are liable to plaintiff under the First Amendment for violating her right to free speech.

## FOURTH CLAIM

### (UNLAWFUL STRIP SEARCH)

52. Plaintiff repeats the foregoing allegations.

53. Defendants' strip search or failure to prevent the strip search of plaintiff was illegal because defendants did not have reasonable suspicion that plaintiff was hiding illegal items under her clothes.

54. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unlawfully strip searching her.

## FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL)

55. Plaintiff repeats the foregoing allegations.

56. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

57. Defendants' misrepresentation deprived plaintiff of liberty in that she was held in custody until her arraignment.

58. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

59. Plaintiff repeats the foregoing allegations.

60. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

61. Accordingly, the defendants are liable to plaintiff failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

62. Plaintiff repeats the foregoing allegations.

63. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

64. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

65. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

66. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, selling narcotics, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

67. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

68. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

69. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## EIGHTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

70. Plaintiff repeats the foregoing allegations.

71. At all relevant times, plaintiff did not commit a crime or violation.

72. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

73. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

9

## NINTH CLAIM

### (ASSAULT)

74. Plaintiff repeats the foregoing allegations.

75. Defendants' searches and handcuffing of plaintiff placed her in fear of imminent harmful and offensive physical contacts which injured her.

76. Accordingly, the individual defendants are liable to plaintiff under New York state law for assault.

## TENTH CLAIM

### (BATTERY)

77. Plaintiff repeats the foregoing allegations.

78. Defendants' searches and handcuffing of plaintiff were offensive and nonconsensual physical contacts which injured her.

79. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## TWELFTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

80. Plaintiff repeats the foregoing allegations.

81. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiff.

82. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED:      February 14, 2013

*Izabel O. Garcia*
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(646) 239-4330

11